### GLOBE INDEMNITY CO. v. WOLCOTT & LINCOLN, Inc.

No. 1937.

District Court, W. D. Missouri, W. D.

May 31, 1945.

J. L. Milligan, C. B. Kimberly, and Thos. E. Deacy, all of Kansas City, Mo., for plaintiff.

Borders, Reinhardt, Margolin & Wimmell, of Kansas City, Mo., for defendant.

REEVES, District Judge.

There is no controversy on the facts of this case. A question of law only has arisen on the admitted facts. Such question will be resolved by a proper interpretation of a clause of a rider attached to a policy of indemnity insurance.

The plaintiff is an insurance carrier and insures against losses sustained by its insureds by reason of forgery or alteration of checks, drafts, promissory notes, bills of exchange, or similar written promises. It granted a policy or bond of that character to the defendant, effective June 6, 1940, and continuing till June 6, 1943. A renewal policy became effective at the expiration of the first policy for an additional period of three years. The provisions of each policy or bond were practically identical. The following limitations were placed in each policy:

"1. There shall be no liability under this bond for any loss unless such loss be sustained during the term of this bond as defined in Condition 12 hereof."

(Condition 12 is as follows: "12. This bond is effective at 8 A.M. on the 6th day of June, 1940 and expires at the same hour on the 6th day of June, 1943.")

"2. There shall be no liability under this bond for losses unless discovered prior to the expiration of twelve months after the cancellation, termination, or expiration of this bond."

The aggregate indemnity of each policy or bond is $10,000 and it is admitted that within the period June 6, 1940, until June 6, 1943, the defendant sustained a loss exceeding $10,000, all within the coverage of the first policy or bond. It is admitted, moreover, that there was a discovery of said loss, "prior to the expiration of twelve months after * * * the expiration of this bond." Accordingly, the plaintiff makes no point but that it became its duty under its indemnity agreement to reimburse the defendant to the extent of $10,000 on account of the loss on the first policy or bond mentioned. However, at the time the loss was discovered the second policy or bond was in force and effect. The discovery was made not later than May 6, 1944. On that date the defendant admittedly notified the plaintiff of the loss and a similar loss on its second bond. The same employee had committed the forgeries which occasioned heavy losses to the defendant. A part of the forgeries were within the period of the first bond and a part within the period of the second bond. The loss in each period exceeded $10,000, the aggregate coverage on each bond. Each bond contained practically identical riders, purporting to extend the benefits of the preceding bond in the event of the discovery of losses beyond the time limited

in the bond. Since it is the contention of the plaintiff that the rider on its second bond qualified and limited the liability accruing on the two bonds it becomes pertinent to refer to applicable portions. After appropriate preliminary statements, the rider contains the following:

"1. That the attached bond shall be construed to cover, subject to its terms, agreements, limitations and conditions, any loss or losses under the prior bond which shall be discovered after the time limited therein for the making of claim or the discovery of loss thereunder and before the expiration of the time limited in the attached bond for the discovery of loss thereunder, and which loss or losses would have been recoverable under the prior bond had it continued in force until the cancellation, termination or expiration of the attached bond, and are covered by the attached bond at the time it becomes effective."

█ The above portion has no influence on the present controversy for the reason that the discovery of the loss was made within the terms of the prior policy or bond. Under the provisions of the prior policy or bond the defendant was clearly entitled to collect the sum of $10,000 from the plaintiff. It is the contention of the plaintiff, however, that clause 4 of said rider limits the recovery on the second bond to any amount remaining after deducting the recovery on the prior bond. Since it is admitted that $10,000 is recoverable on the first or prior policy or bond, then it would follow that there could be no recovery according to the plaintiff's contention on the second bond for the reason that $10,000 is the maximum. Reliance is placed, as indicated, on clause 4 of the rider on the second bond, as follows:

"4. That liability under the prior bond and the attached bond on account of any office shall not be cumulative in amounts and to that end losses under the prior bond on account of such office shall be paid first, and any sum or sums which shall be paid under the attached bond on account of such office shall be deducted from any amount or amounts carried under the prior bond, and any sum or sums which shall be paid on account of such office under the prior bond and/or the attached bond *as extended by this rider* shall be deducted from any amount or amounts carried under the attached bond, such deduction, in either of the above cases, to be made in the same manner and subject to the same limitations and conditions as payments under the attached bond on account of any office are required to be deducted, but any sum or sums so deducted from any amount or amounts of the attached bond shall be restored thereto as provided in the attached bond and an additional pro rata premium shall be paid as provided therein."

The question for decision, therefore, is whether the losses under the first policy or bond are cumulative on the second bond.

█ 1. An examination of the language of the rider quite clearly indicates its purpose. The provisions were designed to liberalize with respect to the prior policy or bond. There could be no question of the right of the defendant to recover under the first bond without the aid of the provisions of the second policy or bond and that such recovery could have been had wholly independently of the second bond. Apparently it was the object of the plaintiff to encourage its assureds to renew their insurance by contracting to pay losses that might have been discovered too late for recovery under the prior bond. In such event, however, the plaintiff sought to protect itself by limiting the extent of the recovery in that special event so that the aggregate amount on the two policies would never exceed $10,000.

The above provision, however, may be put aside as not pertinent to this discussion and decision.

It is the contention of the plaintiff that the above quoted paragraph 4 of the second policy or bond had the legal effect "to render all losses under both bonds, non-cumulative." This contention may be answered by repeating such portions of clause 4 as become applicable to the facts under consideration.

"4. That liability under the prior bond and the attached bond on account of any office shall not be cumulative in amounts * * * and any sum * * * which shall be paid on account of such office under the prior bond * * * *as extended by this rider* shall be deducted from any amount or amounts carried under the attached bond, * * * *."

The use of the words "as extended by this rider" refers of course to the liability assumed by the plaintiff for losses, the discovery of which was too late to create liability under the first and prior policy or bond. Since the losses in this case under

the first bond were not "extended by this rider" so as to enable defendant to recover, then it is obvious that the rider does not limit the losses and does not render the losses under the bond non-cumulative.

2. While the clause in question does not appear to be ambiguous, yet if susceptible of the construction placed by able counsel for the plaintiff, then it would indeed and in truth be quite seriously ambiguous. If it had been the purpose of the rider to render the losses on the two bonds non-cumulative, then clear and precise language could have been and should have been employed for that purpose. If susceptible of the interpretation placed by counsel, then the rider becomes a veritable trap to deceive and ensnare its loyal and persistent policyholders under the pretext of liberalizing its obligations. It accepts on the one hand a full premium payment and on the other it proposes to give nothing for such payment. It would be a discrimination in violation of law.

The cases cited by counsel have been examined. They are not applicable in this case. In Leonard v. Aetna Casualty & Surety Co., 4 Cir., 80 F.2d 205, it was pointed out that the contract there under observation was a single continuous contract covering an entire period and not a series of independent contracts, as in this case.

Plaintiff denies the applicability of Hartford Accident & Indemnity Co. v. Collins-Dietz-Morris Co., 10 Cir., 80 F.2d 441, on the theory that the rider in that case did not contain the limiting provisions contended for by the plaintiff in clause 4 of its rider.

The case of Brulatour v. Aetna Casualty & Surety Co., 2 Cir., 80 F.2d 834, also relied upon by plaintiff is inapplicable for the reason that it was held in that case that the parties contemplated a single continuous contract covering an entire period and not a series of independent contracts, as in this case.

Upon the admitted facts the defendant is entitled to recover the sum of $10,-000 on each of the policies or bonds proffered by the plaintiff in its suit for a declaratory judgment.

3. The defendants ask for damages and attorney's fees because of alleged vexatious refusal to pay by the plaintiff. Such an allowance should not be made for the reason that the plaintiff with commendable liberality and fairness has come into court in advance of suit by the defendant and has agreed on the facts in the case without the necessity of proof and has submitted for construction or interpretation a clause of its policy which it believes supports its contention. In every way the plaintiff has promptly cooperated with the defendant to secure an adjudication on a disputed clause so that it may be advised whether it should pay $10,000 or $20,000. Its conduct has not been vexatious and it has not delayed the payment of the indemnity without reasonable cause. While it seems to the writer that the clause of the rider attached to the policy has but a single clear meaning, yet able counsel believe differently. The sincerity and earnestness of counsel cannot be challenged. The contention was not arbitrary nor capricious and the plaintiff should not be penalized with a judgment for more than the amount due under the policies.

The defendant is entitled to judgment for $20,000 with interest from July 13, 1944, at the rate of 6%, and a judgment for that sum should be entered.